Beck v. Irby.

———————

JAMES F. BECK *v.* SAMUEL M. IRBY.

ATTACHMENT: JUDGMENT BY DEFAULT ERRONEOUS BEFORE DECLARATION FILED.
—The same mode or form of pleading which is observed in all other suits conducted in the Circuit Courts, should be observed in suits commenced by attachment, so far as they may be applicable; and hence the plaintiff in attachment must file his declaration, or complaint, setting out the nature of his cause of action, before he can be entitled to his judgment by default.

ERROR to the Circuit Court of Yallabusha county.   Hon. William Cothran, judge.

*J. Z. George*, for plaintiff in error.

*Aldridge* and *Gallady*, contra.

SMITH, C. J., delivered the opinion of the court.

This was a proceeding, by attachment, in the Circuit Court of Yallabusha.   It appears, from the record, that Samuel M. Irby, on the 31st of March, 1857, sued out an attachment, before a justice of the peace for said county, against James F. Beck, for $180, the amount alleged in his affidavit to be due; that at the next term of the court, having filed his attachment, affidavit, and bond, he took an order of publication against the defendant, as a non-resident debtor; and that publication was duly made, pursuant to the order for that purpose.

It appears further, that at the November term, 1857, of said court, a judgment final by default was rendered against the defendant for $197 25, and costs of suit.   It does not appear, from the record, that a declaration or complaint, or pleading of any description whatever, was filed by the plaintiff.   The record contains

Beck *v.* Irby.

no bond, note, or other evidence of a debt or demand in favor of the plaintiff against the defendant, except the affidavit of the plaintiff upon which the attachment was issued. From the judgment thus rendered, this writ of error is prosecuted.

In a suit of this character, the attachment itself is declared, by statute, to be the leading process in the cause. And when returned into the Circuit Courts, it is quite as much a suit pending therein, as it would be if commenced by the ordinary process of the court. The statute, it is true, has not in express terms directed what form or mode of pleading shall be observed; whether the pleadings shall be *ore tenus*, or in writing. But it is manifest, that the same mode or form of pleading which is observed in all other suits conducted in the Circuit Courts, should be observed in suits commenced by attachment, so far as they are applicable. The fact, that an attachment is a proceeding *in rem*, is wholly immaterial. The same reasons which require, in an action upon a bond or note, or for the recovery of property, when the suit is commenced by a summons to the defendant, that a declaration should be filed, apply with equal force to a suit commenced by attachment. All attachments are repleviable before final judgment, or the execution of a writ of inquiry; and the defendant has a right, upon complying with the conditions imposed by statute, to enter his appearance, and plead to the suit. But how can he answer the suit, until he is apprised of the claim or debt which is sought to be enforced against him? How can he be said to be in default, until he has failed to answer some allegation of the plaintiff in attachment?

We think, therefore, that in a suit by attachment, as in all other suits prosecuted in the Circuit Courts, the plaintiff should be required to file his declaration upon the return of the attachment into court, setting out, with sufficient certainty, the cause and nature of his demand, before he can be entitled to judgment against the defendant. It was, consequently, error in the court below to allow a judgment to be entered in this case.

Judgment reversed, and cause remanded.